Vancheri Unemployment Compensation Case.

554

Argued November 9, 1954.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*S. V. Albo,* with him *Franklin E. Conflenti,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY ROSS, J., March 24, 1955:

This is an unemployment compensation case in which the claimant, Angelo Vancheri, has appealed from the refusal of benefits which were denied him by the Unemployment Compensation Board under section 402(b).

The Board made the following findings of fact: "1. Claimant was last employed by John B. Cura & Company, 71 Omaha Street, Pittsburgh, Pa., as a stone mason at $2.50 an hour, for approximately two years, intermittently. His last day of work was October 17, 1953. 2. Claimant was to be paid by the week on his last job, and was paid on October 1 and 9, 1953, for the work weeks ending on these respective dates. 3. On Monday, October 19, the claimant requested payment for his services performed for his employer during the week ending October 17, and the employer requested that claimant wait for payment until the completion of the job upon which he was then working, which would have been four days thereafter. Claimant refused to wait until the completion of the job, and thereupon quit." Since these findings of fact are supported by substantial evidence, they are, of course, conclusive upon us.

The claimant contends that the second finding of fact is not sustained by the evidence. However, it is, by the claimant's own testimony, as follows: "Q. On October 1st, he [the employer] paid you $60.00? A. Yes. Q. Then on October 9th, he paid you $95.00? A. Yes." It is true that claimant gave other testimony which, with some difficulty, might be interpreted to mean that he had not been paid for the weeks ending October 1 and October 9 until sometime after the latter date. However, the conflict was for the Board.

The claimant does not question the third finding of fact of the Board and that is the material one in determining the only issue in this case, which is whether the claimant had good cause in quitting his employment because he was requested to wait for his last pay until the completion of the job which, according to his own testimony, would have been four days.

Under section 402(b) of the Unemployment Compensation Law an employe is ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without good cause. When, as here, an employe leaves his work voluntarily, he must, to be entitled to compensation, "show that his conduct met the standards of ordinary common sense and prudence, and that he acted in good faith": *Kaylock Unemployment Compensation Case*, 165 Pa. Superior Ct. 376, 378, 67 A. 2d 801. The termination of employment must be "compelled by necessitous circumstances" to constitute leaving with good cause. *Allen Unemployment Compensation Case*, 174 Pa. Superior Ct. 514, 517, 102 A. 2d 195. Here claimant left his employment because he was unwilling to work for three or four days before receiving payment for those days and for the preceding week. That is not the course of "ordinary common sense and prudence", nor can the termination be said to have been the result of "necessitous circumstances".

Clearly the claimant did not meet his burden of showing that he quit his job for "good cause".

Decision affirmed.