Evans Unemployment Compensation Case.

588

Argued October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*David B. Fitzgerald,* with him *Gratz, Sperling & Fitzgerald,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

Blanche S. Evans, appellant, was employed by Metallurgical Laboratories, Inc., as a telephone operator. On December 1, 1954, she filed an application for benefits on the ground of her discharge on November 30. The bureau found that the claimant had voluntarily quit and was therefore ineligible under Section 402 (b) of the law. Upon appeal, the referee affirmed the decision of the bureau but the board of review on appeal reached the conclusion that the dismissal was caused by failure to follow instructions and held that the claimant was disqualified under Section 402 (e).

The board found as follows:

"1. Claimant was last employed for two years and 9 months as a switchboard operator and receptionist by the Metlab Co., 1000 E. Mermaid Lane, Chestnut

Hill, Phila. 18, Pa., her last day of work being November 30, 1954.

2. Claimant was scheduled to open the switchboard at 8:00 a.m. and to close the same at 5:00 p.m. She was cautioned several times relative to her failure to comply with these instructions following complaints from the company officials. On claimant's last day of work the production manager attempted to place an important long distance phone call at 4:59 p.m. and found the switchboard was closed. When claimant reported the next morning at 8:10 a.m. she was discharged and told to look for other work although no definite termination date was given her".

Is claimant guilty of willful misconduct within the meaning of Section 402 (e)? The board, which is the ultimate trier of facts, decided that the claimant was guilty of misconduct. This was an issue of fact supported by substantial evidence. The claimant did not deny the facts as found by the board except that she denied ever having been reprimanded previously. *Vancheri Unemployment Compensation Case,* 177 Pa. Superior Ct. 553, 112 A. 2d 433. There is substantial evidence to support the findings in that the vice president testified specifically to many previous complaints and to specific reprimands concerning the time of opening and closing the switchboard. Claimant now attempts to make much of a memorandum which the vice president prepared and used to refresh his recollection when testifying. We are now asked to remand the case to the board to require the employer to produce this memorandum, which is not part of the record, but which, it is alleged, would somehow discredit the witness' credibility. No useful purpose would be served by such an order, for the memorandum would appear to have been only a self serving declaration and probably inadmissible as evidence. The point is that the direct testimony

of the witness fully substantiates the findings of fact and any memoranda used to refresh recollection are unnecessary to the case.

It is also alleged that the facts as found do not constitute willful misconduct within the meaning of Section 402 (e) of the law. Willful misconduct has been defined as including a deliberate violation of standards of behavior which the employer has the right to expect of his employe. *Detterer Unemployment Compensation Case,* 168 Pa. Superior Ct. 291, 77 A. 2d 886. Claimant had been specifically warned that she was to open the switchboard at 8:00 a.m. and close it at 5:00 p.m. This she did not do and excuses were offered. Such conduct, especially after complaints and warnings, is clearly a violation of the rules imposed on her and a breach of the standards her employer expected and had a right to expect. We concur with the board that claimant was guilty under Section 402 (e).

Decision affirmed.