## Stewart Unemployment Compensation Case.

18

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Frank Stewart,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

The Bureau of Employment Security, the Referee and the Board of Review decided that the claimant was disqualified from receiving benefits under the provisions of section 402(e) of the Unemployment Compensation Law.

The claimant was last employed by the Rubber Products Company, Pittsburgh, Pennsylvania. His duties were that of a tire changer; and his last day of employment was March 28, 1958.

On March 28, 1958, claimant was discharged by his employer for failing to carry out his duties in connection with the changing of a tire. The evidence shows that the duties involving the changing of tires were not dangerous or hazardous.

Is a claimant, who is discharged by his employer for refusing to perform assigned work, guilty of willful misconduct under the provisions of section 402(e), thereby rendering him ineligible to receive compensation benefits?

Claimant contends that the assignment which he was asked to perform was hazardous, but there is nothing in the record to substantiate that contention. The record discloses that claimant had performed these very duties required of him in the assignment for over a period of seven years.

Section 402(e) of the Unemployment Compensation Law does not clearly define "Willful misconduct" but our Court has held that an act of wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of an employe, is willful misconduct. *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 110 A. 2d 753; *Lux Unemployment Compensation Case,* 180 Pa. Superior Ct. 90, 118 A. 2d 231; *Evans Unemployment Compensation Case,* 180 Pa. Superior Ct. 587, 119 A. 2d 553; *Armstrong Unemployment Compensation Case,* 179 Pa. Superior Ct. 488, 118 A. 2d 217.

In the last cited case the Superior Court in a per curiam opinion held that claimant's action constituted willful misconduct and disqualified him for benefits under section 402(e) of the Unemployment Compensation Law. The claimant was employed as a maintenance carpenter. About ten to fifteen minutes before his regular quitting time, he was instructed to do an emergency job, involving performance of his regular duties, and which would have required one and one-half or two hours work. He was discharged for refusing the assigned work. The Court held that the action of the claimant was arbitrary and inimical to his em-

ployer's interests, and constitutes willful misconduct within the meaning of the law.

In the instant case it is to be noted that the claimant had performed the same duties as those required in the requested assignment for over a period of seven years. Under these circumstances, we agree with counsel for appellee, that claimant brought about his discharge by his own willful misconduct connected with his work and is ineligible to receive unemployment compensation benefits.

The decision of the board is affirmed.