Smeal Unemployment Compensation Case.

556

Argued March 12, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Betty T. Smeal,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Montgomery, J., April 12, 1962:

This is an appeal from the decision of the Unemployment Compensation Board of Review which concluded that the appellant was ineligible for benefits because of excessive absenteeism, thereby upholding the Referee's reversal of the Bureau of Employment Security.

The Board found as facts that the appellant was last employed by Sylvania Electric Products, Inc.; during the last six months of her employment appellant was absent thirteen times because of her personal illness or illness of her children; appellant did not report to the employer that she would be absent, as required by company regulations, on three different occasions during this period although she had been warned about the consequences of her frequent absences. As a result of these absences appellant was discharged.

It has been thoroughly established by a myriad of prior decisions that this Court is bound by the findings of the Board of Review if such findings are supported by the evidence. *Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review*, 406 Pa. 163, 176 A. 2d 632; *Ristis Unemployment Compensation Case*, 178 Pa. Superior Ct. 400, 116 A. 2d 271.

Here the findings of fact and conclusion of the Board are supported by the appellant's own testimony showing obvious absenteeism, and an additional violation of company rules by neglecting, on several occasions, to notify her employer of her impending absence. She attempts to justify her absence on grounds of her own illnesses and that of her children. However, such absenteeism without notice, despite warnings about repetition, has been held to be willful misconduct. *Moyer Unemployment Compensation Case*, 177 Pa. Superior Ct. 72, 110 A. 2d 753; *Luciano Unemployment Compensation Case*, 169 Pa. Superior Ct. 155, 82 A. 2d 600. Also, failure to comply with company instructions has been held to be willful misconduct. *Evans Unemployment Compensation Case*, 180 Pa. Superior Ct. 587, 119 A. 2d 553.

The appellant further contends that she has never had an opportunity to produce proof that her absences were justified and excusable as they were caused by her illness and that of her children. However, it is clear that the appellant did have such opportunity at the hearing held by the Referee at which the appellant was present, and furthermore, the Board found as a fact that her absences were due to personal illness or the illness of her children. Even accepting these excuses as facts, there appears no reasonable justification for failing to give the notice required by company regulations.

Therefore the facts in this case, as found by the Board and supported by the appellant's own testimony

as to her recurrent absences and failure to give the required notice, conclusively show the appellant to be guilty of willful misconduct so as to disqualify her for benefits under section 402(e) of the Unemployment Compensation Law.

Decision affirmed.