## Cleaver *v.* Unemployment Compensation Board of Review.

Argued April 7, 1972, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Irvin S. Bails,* Neighborhood Legal Services Association, for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

256

Opinion by Judge Wilkinson, April 28, 1972:

The Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review have all found that the appellant was disqualified from receiving unemployment compensation by Section 402 (e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. 2897 (1937), as amended, 43 P.S. §802(e), in that her conduct, which led to her discharge, constituted "willful misconduct" within the meaning of that section. We must affirm.

The appellant was employed in a cleaning establishment as a presser from January 20, 1970, until February, 1971, her last working day being February 19, 1971. It was a rule of her employer that if she was not going to be able to come to work, she should call in. On February 22, having been ill with the flu earlier in the month, appellant called in that she would not be able to come to work. That afternoon her employer called to ask if she would be able to come to work the next day, and appellant replied that she was not positive. The employer then told her to call in the next morning. She did not do so, nor did she call again during the entire week of her absence.

No good purpose would be served by here discussing all the testimony offered. There is more than ample evidence to support the finding that the appellant's conduct constituted willful misconduct within the meaning of *Smeal Unemployment Compensation Case,* 197 Pa. Superior Ct. 555, 180 A. 2d 107 (1962).

"Absence of an employe from work without notice in violation of a company rule evidences a deliberate disregard of the standards of behavior, which the employer may rightfully expect, and constitutes willful misconduct." *McCone Unemployment Compensation Case,* 199 Pa. Superior Ct. 6, 8, 184 A. 2d 275 (1962).

In a very well-prepared brief and able argument, counsel for appellant attempts to avoid this rule by relying on *Flynn Unemployment Compensation Case*, 174 Pa. Superior Ct. 71, 98 A. 2d 490 (1953), also referred to as the *Crib Diaper* case. At best, that case could be authority for the proposition that there is sufficient evidence in this record, if believed and if relied upon by the Board of Review, to have supported a decision in favor of appellant if it had seen fit to do so. Such was the instance in *Crib Diaper*. The Board in that case found for the discharged employee and, there being evidence to support the finding, the Superior Court was required to affirm. To quote Judge GUNTHER: "We are, therefore, bound by the Board's findings." 174 Pa. Superior Ct. at 73, 98 A. 2d at 491.

Similarly, with more than ample testimony to support it, we are bound by the Board's findings in this case.

Decision affirmed.