President Judge Bowman and Judge Blatt join in this Opinion.

## Cooper *v.* Unemployment Compensation Board of Review.

Argued January 10, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stuart Kaufman,* Community Legal Services, Inc., for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 5, 1973:

This is an appeal from the decision of the Unemployment Compensation Board of Review affirming the decision of the Referee which affirmed the decision of the Bureau denying unemployment compensation benefits to claimant-appellant. The Referee took testimony and made appropriate findings. In addition, on appeal, the Board of Review remanded the case to a

Board Hearing Officer to take further testimony for consideration by the Board of Review. The Board of Review had before it the claimant-appellant's initial application and claim record, the employer's separation notice, the summary of the interview, the notice of the Bureau's determination, the claimant-appellant's petition for appeal from the Bureau's determination, the notes of testimony taken before the Referee's hearing, the decision of the Referee, the claimant-appellant's petition for appeal from the Referee's decision, and the notes of testimony on the remand hearing before the Board's Hearing Officer. The above amply supports the decision of the Board of Review, and we affirm.

The only argument of claimant-appellant is that the employer was not present to offer oral testimony at either hearing and submitted only the employer's separation notice, stating that claimant-appellant quit. "Empl (employee) stated that she had another job with some hospital is the reason she quit." If this were the only matter in the record to support the Board's decision, and if it were flatly controverted by claimant-appellant's testimony and actions, there might be some merit in claimant-appellant's position. Such is not the case. Her testimony is that she was going to work for a hospital, after training, but this was prevented by her mother's death. She says she told her employer that she was too ill to work, but she immediately signed up for unemployment compensation, asserting availability for work, continued to sign up each week, and could not remember whether she saw a doctor during this period. She did not seek or obtain a leave of absence for this period, although she had obtained one a short time before on the occasion of her mother's death. The claimant-appellant's own testimony and actions are inconsistent within themselves and, therefore, throw doubt on the accuracy of her testimony if not its credibility.

This record is more than ample to support the decision of the Board of Review. *Cleaver v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972); *Philadelphia Coke Division, Eastern Associated Coal Corp. v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972).

Accordingly, we enter the following

### ORDER

AND Now, February 5, 1973, the decision and order of the Unemployment Compensation Board of Review in re claim of Doris Bogan Cooper, dated March 14, 1972, is affirmed.