Raymond J. Elias, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

264

*Ellis M. Saull,* with him *Frank I. Smizik,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, September 3, 1974:

The appellant, Raymond J. Elias, was discharged from his employment as a management trainee of a G. C. Murphy store and has been declared ineligible for unemployment compensation on the ground that his discharge was for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The appellant's sole contention is that the record does not support the Unemployment Compensation Board of Review's findings that the claimant failed to comply with his employer's work rules and its conclusion that the claimant was discharged for acts of wilful misconduct. We have read the record carefully and we are satisfied that the Board's findings are supported by the evidence and that its conclusion based thereon is soundly based in the law.

Among the appellant's duties was that of operating a cash register. His employer's rules, of which the claimant had notice, required that cash sales be rung up immediately, that the proceeds be placed in the register at once and that all customers be furnished

the register tapes. They also forbade operators to count or otherwise handle cash in the register.

The employer produced a witness who testified that the claimant was observed handling money in the open register; the store restaurant manager, who testified that he had twice warned the claimant concerning his failure to observe the company's requirements in this respect; and a store security shopper who thereafter observed the claimant making cash sales and failing to record them on the register or provide tapes.

The claimant's defenses were that his departures from the rules were unintentional, or intentionally committed for the purpose of speeding service, and, on one occasion, were the result of emotional upset caused by an automobile accident in which he had lately been involved. He also emphasizes that no shortage attributable to his activities was alleged or proved.

Our scope of review is limited. We described it in *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 487, 296 A. 2d 297, 299 (1972), as follows: "There can be no question that the findings of the Board or its Referee are to be considered conclusive if supported by the evidence and in the absence of fraud. See Section 510 of the Unemployment Compensation Law, 43 P.S. §830. Also see Progress Manufacturing Company, Inc. v. Unemployment Compensation Board of Review, 406 Pa. 163, 176 A. 2d 532 (1962). As we have said in prior cases, the credibility of the witnesses, the weight of their testimony and the reasonable inferences to be drawn from such evidence are for the Board's determination. See Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review, 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972) ; Cleaver v. Unemployment Compensation Board of Review, 5 Pa. Commonwealth Ct. 255, 290 A. 2d 279 (1972)."

The Board's findings that the employer in this case had rules concerning the handling of cash of which the claimant was aware and that the claimant had failed to observe these rules even after warning, are amply supported in the record. We agree with the Board that the claimant's conduct demonstrated a disregard of his employer's interest and of standards of behavior which the claimant's employer had the right to expect.

### ORDER

AND Now, this 3rd day of September, 1974, the order of the Unemployment Compensation Board of Review denying benefits is affirmed.