Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee, *v.* John Sforza, Appellant.

Argued March 7, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*John Sforza,* appellant, for himself.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, April 10, 1975:

Claimant-appellant was discharged from his last employment when an inspection of his accounts by his employer revealed there was a shortage of $294.47. Claimant-appellant had been warned previously about discrepancies in his accounts. His filing a claim for unemployment compensation immediately raised the issue of disqualification under Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802 (e), *i.e.,* discharge for willful misconduct.

When the employer did not appear at the fact-finding interview, the Bureau of Employment Security properly found that there was no evidence of willful misconduct and determined claimant-defendant to be eligible.

On appeal to the referee, a full hearing was held. Claimant-appellant appeared in person, but without legal counsel; the employer was represented by its manager and assistant manager. In brief, claimant-appellant testified that his shortages were due to his ineptness in keeping books and that he was crediting policyholders with payments they had not made. In the past, when these discrepancies had been detected and the claimant-appellant had been admonished to keep the books properly, the

discrepancies or shortages were made good. The employer's representatives testified, in sum, that the discrepancies were so many and so great that they had to be the result of either intentional wrongdoing or such a dereliction of responsibility as to amount to willful neglect of duty. The referee, accepting the testimony of the employer, determined claimant-appellant was ineligible.

On appeal to the Unemployment Compensation Board of Review, a hearing was held before an appeals referee. At this hearing, claimant-appellant was represented by legal counsel. The employer was represented by the same two employees, *i.e.*, its manager and assistant manager. Although in somewhat more detail, the testimony followed the same lines as the earlier hearing. We quote one bit of testimony given by the employer's manager which seems to summarize the position taken by the Board.

"REFEREE TO MR. COMFORT:

"Q. Mr. Comfort, if you had an insurance (sic) who might be short this amount of money, but you felt that he was a qualified individual, had you had this experience, would you have kept him on?

"A. Well, now, first of all —

"Q. Is this amount a large amount?

"A. Yes, it is. If you find a man may have forgot to pay a couple accounts due to oversight, we have men, who after they're on the job for a while, do see their customers on times they're out shopping or something like this and they don't have the book there and they give them the money and they give them a receipt for it or something to this effect and when they get back to the office or get back to their home they forget to mark their nerve book until they remember maybe a couple weeks later. This is an oversight on their part. But, when you get into a couple hundred dollars, this is a little more than just a few errors."

The Board determined that claimant-appellant was ineligible. We must affirm.

The Board's findings, when as here, amply supported by the testimony, are binding on this Court. *Cleaver v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 255, 290 A.2d 279 (1972). Claimant-appellant's conduct here, as found by the Board, clearly comes within the definition of willful misconduct as set forth by Judge KRAMER in *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Indeed, in *Dragan Unemployment Compensation Case*, 198 Pa. Superior Ct. 122, 124, 181 A.2d 705, 705 (1962), the Superior Court held specifically that: "Mishandling of funds resulting in substantial shortages by a claimant is willful misconduct within the purview of Section 402 (e) of the Law." *See also, Elias v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 263, 325 A.2d 351 (1974).

Accordingly, we enter the following

#### ORDER

Now, April 10, 1975, the decision and order of the Unemployment Compensation Board of Review, dated July 5, 1974, affirming the decision of the referee which denied benefits to John Sforza, is affirmed.