■ In the Matter of the Claim of RAMONA FERNANDEZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective December 16, 1974 because she was not available for employment. Claimant, a legal secretary, has been denied benefits because her meager and sporadic efforts to locate employment have effectively made her unavailable for employment. This finding is supported by substantial evidence and, as a question of fact, is in the sole province of the board for determination *(Matter of Bennett [Catherwood]*, 33 AD2d 946). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.

■ In the Matter of the Claim of FAY RENDINA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1975, which affirmed the decision of a referee holding the claimant ineligible to receive benefits effective January 27, 1975 because she was not available for employment. The record presented a question of fact as to whether the claimant's efforts to secure employment were sufficiently diligent to satisfy the statutory requirement of availability. Factual issues, including credibility, are within the province of the board. The record contains substantial evidence which supports the determination of the board, and its finding that claimant was unavailable for employment may not, therefore, be disturbed by this court *(Matter of Forsyth [Catherwood]*, 31 AD2d 707; *Matter of Stuhl [Catherwood]*, 30 AD2d 595). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.

■ In the Matter of the Claim of FRITZ OVERT, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 30, 1975, which disqualified claimant from receiving benefits effective April 26, 1974 because he lost his employment through his own misconduct. Claimant's excuse for leaving his security post, after having previously been warned of the consequences, was rejected by the board. The determinations of the board were factual and within its province, as were the issues of credibility, and, since they were supported by substantial evidence, they must be affirmed *(Matter of Lester [Catherwood]*, 30 AD2d 1025). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.