■ In the Matter of the Claim of JOSEPHINE POLVINO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 11, 1980, ruling claimant ineligible to receive benefits effective March 4, 1974 through July 14, 1974; effective December 23, 1974 through March 9, 1975; effective March 10, 1975 through June 13, 1976; and effective August 8, 1977 through May 14, 1978; and charging her with an overpayment of $8,834 in benefits ruled to be recoverable; and holding that she willfully made false statements to obtain benefits by reason of which a forfeiture of 208 effective days was imposed as a penalty in reduction of future benefits. Claimant commenced working for the employer in 1970. Her two sons were the officers and sole shareholders of the employer corporation. It appears from the record that claimant initially applied for benefits in March, 1974; that she returned to work in July, 1974 and again applied for benefits in December, 1974; and that she thereafter returned to work in August, 1976 and applied for benefits in August, 1977 after working for approximately one year. Claimant testified that while employed she answered the telephone, filed invoices, did clerical work and wrote checks for the employer. During the periods claimant was collecting benefits and allegedly unemployed she admittedly continued to write checks for the employer although she testified that such checks were written on Sunday nights after her two sons had dinner with her. Claimant also stated that on occasion she took business messages for her son who lived with her when calls were made to the residence. The board found that claimant was not totally unemployed and that she was unavailable for employment. Availabil-

ity for employment is a question of fact for the board's resolution and, on the present record, the board's determination on this issue is supported by substantial evidence and should not, therefore, be disturbed (see *Matter of Fernandez* [*Levine*], 50 AD2d 659). Nor do we find on this record any reason for disturbing the board's determination that claimant was not totally unemployed (see *Matter of Valvo* [*Ross*], 83 AD2d 344). We are of the opinion, however, that there is insufficient evidence to support the board's determination on the issue of willful misrepresentation. Claimant's activities did not obviously constitute employment as the situation was found to be in *Matter of Maguire* (*Ross*) (54 NY2d 965). Although claimant may be found to have been employed in the technical sense of the Labor Law, there is no evidence of willfulness in her certifications to total unemployment on her weekly reports. Consequently, the imposition of a forfeiture of effective days and the recovery of overpayments pursuant to section 594 of the Labor Law are not warranted in the present case (see *Matter of Valvo* [*Ross*], *supra; Matter of Smalt* [*Ross*], 82 AD2d 958). In addition, under the circumstances presented herein, there may be no recovery of a portion of the benefits pursuant to subdivision 4 of section 597 of the Labor Law (see *Matter of Valvo* [*Ross*], *supra*). Decision modified by reversing so much thereof as finds willful misrepresentations to obtain benefits and imposes a forfeiture of effective days and rules the benefits recoverable, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.