Christopher W. FLESHER, Appellant,

v.

**IOWA DEPARTMENT OF JOB SERVICE, Appellee.**

**No. 84–1614.**

Supreme Court of Iowa.

July 31, 1985.

James M. Haney, Council Bluffs, for appellant.

Walter F. Maley, Blair H. Dewey, Joseph L. Bervid, and Deborah A. Dubik, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

SCHULTZ, Justice.

Christopher W. Flesher appeals from the district court decision affirming an agency ruling that denied unemployment compensation benefits. The agency, Iowa Department of Job Service, adopted the findings of fact and conclusions of law of a hearing officer who concluded that claimant Flesher was not entitled to benefits because of his misconduct. The hearing officer found that the employer, Long John Silver's, Inc., discharged claimant because of his repeated violations of its security policies. Specifically, claimant had not completed a "skim log" and had failed to complete a cash audit form. The "skim log" is completed by noting the denomination and serial number of the largest bill taken from the cash register when excess cash is removed and placed in a safe during a working day; its purpose is to have a record of the serial number of certain currency in the event of a robbery.

On appeal, claimant urges the district court erred: (1) because the employer did not raise the misconduct issue; and (2) in finding there was substantial evidence to support the agency finding on the issue of misconduct. We disagree and affirm.

Prior to his discharge, claimant was employed by Long John Silver's for over four years, last performing services as an assistant manager. He was aware of the company's security policy, his responsibility with regard to it, and the requirement of maintaining a "skim log." In July, October and November of 1983 claimant failed to perform the "skim log" three times. Consequently, he received warnings or reprimands from his employer. On January 7, 1984, claimant again failed to record in the "skim log" and complete the cash audit form. The employer decided to terminate claimant's employment and gave him the choice of resigning or being discharged. All parties agreed that claimant's choice to resign was a discharge for the purpose of this proceeding.

On January 19, claimant filed a claim for unemployment benefits that was initially allowed by a claims deputy. The employer appealed this determination. Following an evidentiary hearing before a hearing officer, the prior award of benefits was reversed. Claimant was found to have been overpaid in the amount of $945. The appeal board upheld the ruling of the hearing officer, and the district court affirmed this final agency action.

I. Claimant first urges that an agency rule requires the employer, rather than the department, raise the issue of misconduct. Additionally, he maintains that he was not advised of the specific allegations of misconduct prior to the telephone appeal.

The employer initially resisted the claim and appealed the award of benefits on the basis that claimant voluntarily quit his employment. In the notice of hearing on the appeal before the hearing officer, the agency specifically raised the issue of claimant's misconduct. Apparently this was prompted by claimant's application for benefits which stated:

We had to cash audit our receipts and sign for them 3 times per day. On Dec. 30 I failed to sign one of their audits. On 1–4–84 the supervisor was in working with me all day. At 4:30—after the work for the day was done—he had me sit down and at that time asked if I would want to quit—or should he fire me. This was a surprise to me. *It stemmed back to my failure to sign the audit on December 30 which they considered a security violation. I had 2 previous warnings on this, but never a threat of termination before.... I do not feel that I had committed any kind of misconduct in order to have my work terminated....*

(emphasis added.)

In addition claimant was notified orally that misconduct was at issue. The hearing was conducted by a telephone conference call with the employer's representative and claimant appearing as witnesses with the right to cross-examine each other. At the commencement of the hearing before evidence was taken, the hearing officer advised the parties, on the record, of the Iowa Code section that deals with discharge for misconduct. Evidence then was taken without objection. The employer's supervisor and claimant each testified concerning claimant's security violations. Claimant is in no position to allege lack of notice of the defense of misconduct. Rather, in his petition for judicial review he asserts the agency ruling was "made upon unlawful procedure in that evidence presented to the Appeals Board was clearly inadmissible and should never have been considered in its hearings." We disagree with claimant's contention.

The claimant cites 370 Iowa Admin. Code 4.32(4), a subsection of a rule entitled "Discharge for Misconduct," in support of his contention that the agency did not follow its own rules that require the employer raise the issue of misconduct. This subsection provides:

*Report required.* The claimant's statement and employer's statement

must give detailed facts as to the specific reason for the claimant's discharge. Allegations of misconduct or dishonesty without additional evidence shall not be sufficient to result in disqualification. If the employer is unwilling to furnish available evidence to corroborate the allegation, misconduct cannot be established. In cases where a suspension or disciplinary layoff exists, the claimant is considered as discharged, and the issue of misconduct shall be resolved.

The agency rule does not support claimant's assertion that the employer must raise the issue of misconduct. Rather, the rule requires both the employee and employer provide details as to the reason for employee's discharge from employment. While the rule requires corroborating evidence of misconduct and places responsibility on the employer to provide this evidence at the risk of failure of proof, it does not require the employer affirmatively plead misconduct. Such failure to plead would not prevent proof of misconduct if the issue was otherwise before the fact finder.

■ We conclude that the agency may place in issue the defense of misconduct. In its declaration of policy the legislature notes that funds have been set aside "to be used for the benefit of persons unemployed through no fault of their own." Iowa Code § 96.2. Additionally, the legislature requires the agency, in its initial determination of benefits, to affirmatively investigate the claim as follows:

> The representative shall promptly examine the claim and any protest, *take the initiative to ascertain relevant information concerning the claim, and on the basis of facts found by the representative,* shall determine whether or not the claim is valid....

Iowa Code § 96.6(2) (emphasis added). In *Kehde v. Iowa Department of Job Service,* 318 N.W.2d 202, 206 (Iowa 1982), we refused to allow an employer to withdraw his protest to a claimant's receipt of benefits on appeal to the appeal board and stated "[s]ince eligibility for benefits is determined on the basis of the facts of the case,

the mere withdrawal of a protest would not have any effect." We further stated in *Kehde* that "a claimant is not automatically entitled to benefits if the employer does not protest the claim; as section 96.6(2) provides, eligibility is to be determined 'on the basis of the facts found by the representative.' " *Id.* The agency may initiate an issue that would disqualify a claimant from benefits because of misconduct. Of course, due process including notice must be provided the claimant. In this case claimant was provided notice that misconduct was at issue.

II. The claimant's second challenge is the district court erred in finding there was substantial evidence in the record to support the agency's finding of employee misconduct to disqualify him from receiving benefits. Generally, claimant urges that the agency's definition of misconduct and case authority interpreting this definition requires that employee wrongdoing must be more serious than action merely warranting discharge from employment. Rather, he asserts an employee must act with willful or wanton disregard of the employer's interest in order for there to be a denial of benefits. Claimant urges that his failure to follow security rules is in no way related to honesty, money shortages, or other factors directly affecting the well-being of the employer. Rather than evidence of willful or wanton disregard of the employer's interest, claimant urges that his inaction was a mere wrongful oversight or lapse of judgment not sufficient for a denial of benefits. Finally, he maintains that no evidence exists in the record to substantiate the hearing officer or appeal board finding misconduct.

■ Misconduct provides a disqualification for certain benefits, Iowa Code § 96.5(2), but that subsection does not provide a definition of misconduct. Misconduct, however, is defined by agency rule in 370 Iowa Admin. Code 4.32(1)(a) as "carelessness or negligence of such degree of recurrence as ... to show an intentional and substantial disregard of the employer's interest.... On the other hand ... inadvertencies or

ordinary negligence in isolated instances ... are not to be deemed misconduct...." We have reaffirmed that the definition provided by rule 4.32(1)(a) accurately reflects the intent of the legislature. *Cosper v. Iowa Department of Job Service*, 321 N.W.2d 6, 9 (Iowa 1982) (citing *Huntoon v. Iowa Department of Job Service*, 275 N.W.2d 445, 447–48 (Iowa), *cert. den.*, 444 U.S. 852, 100 S.Ct. 105, 62 L.Ed.2d 68 (1979) ).

■ While the definition of misconduct does not specifically address an employee violating security procedures, we conclude that such a violation without dishonesty may be deemed misconduct. Security procedures and rules are important to the employer. Repeated violations of a security rule, depending upon the effect on the employer and employer reaction to a knowing violation, may indicate that employee actions are more than ordinary negligence and, rather, represent a substantial disregard of the employer's interest. *Lundy's Market, Inc. v. Florida Department of Commerce, Division of Employment Security*, 373 So.2d 433, 434 (Fla.App.1979) (repeated failure to comply with employer's instruction prohibiting leaving the cash drawer open and leaving change on the counter was misconduct); *Overt v. Levine*, 50 A.D.2d 659, 659, 375 N.Y.S.2d 65, 66 (1975) (misconduct to leave security post after previous warning); *Elias v. Commonwealth Unemployment Compensation Board of Review*, 15 Pa.Commw. 263, 266, 325 A.2d 351, 352 (1974) (employee disqualified from benefits for repeated failure to follow employer rules in regard to handling money after warning, such conduct showing willful disregard of employer's welfare).

■ In the instant case the hearing officer and appeal board concluded that claimant's repeated failure to follow his employer's security procedures shows a willful and wanton disregard of the employer's interest and constitutes misconduct. A retail business open to the public is subject to robberies. Security precautions which may assist in the arrest and prosecution of wrongdoers help avoid financial loss and prevent danger to employees. Consequently, rules directed at preventing robberies are reasonable and in the employer's interest. Employee disregard of such a rule is a serious concern of the employer. When the employer does not condone past violations of the rule, repeated employee violations may show an intentional and substantial disregard of the employer's interest within the rule 4.32(1)(a) definition of misconduct.

■ Our review of the record indicates substantial evidence to support the agency's finding of misconduct. When the facts in an unemployment compensation case are in dispute or when reasonable minds may differ on the inference to be drawn from the evidence the agency's findings are conclusive. *Walles v. Iowa Employment Security Commission*, 219 N.W.2d 539, 540 (Iowa 1974).

■ A review of the record shows that claimant had three previous warnings for the identical conduct which caused his discharge. While the discharge must be based on a current act of misconduct, past acts of misconduct may be considered in determining the magnitude of the current act. 370 Iowa Admin. Code 4.32(8). Claimant knew, or should have known, that another violation of the security procedures would not be tolerated.

The employee does not dispute that his failure to complete the required skim log caused his discharge. This act, following previous warnings and reprimands, is evidence of carelessness by the employee of a degree showing substantial disregard of the employer's interest. Claimant asserts that his failure to complete the skim log was due to oversight or lapse of judgment. However, a reasonable fact finder could infer to the contrary. There was substantial evidence in the record to support the agency's finding of misconduct.

AFFIRMED.