Barbara J. SWANSON, Plaintiff–
Appellant,

v.

EMPLOYMENT APPEAL BOARD OF the DEPARTMENT OF INSPECTIONS AND APPEALS, and Michael Sindt d/b/a Messinger Cleaners, Inc., and Olsons Cleaners, Defendants–Appellees.

No. 95–1032.

Court of Appeals of Iowa.

Aug. 30, 1996.

Ken Sojka of Buckley & Sojka Law Offices, Harlan, for appellant.

William C. Whitten, Des Moines, for appellee board.

Considered by HABHAB, P.J., and HUITINK and STREIT, JJ.

HABHAB, Presiding Judge.

Petitioner Barbara Swanson appeals from the denial of her application for unemployment benefits. We affirm.

Barbara worked over thirteen years for a dry-cleaning establishment in Harlan, Iowa. On February 28, 1994, Michael Sindt purchased and took over the operation of the business. Barbara and another long-time employee, Edna Wede, continued to be employed at the cleaners by Sindt.

On March 16, 1994, there was a minor physical altercation between Barbara and Edna. Barbara subsequently had her counsel send Sindt a letter relating the incident and reminding him of his duty to provide a safe workplace.

Sindt responded with a letter from his attorney. The letter stated Sindt did not want any altercations and he would do what he could to prevent such an event from occurring in the future. The letter specified Sindt would be talking to Edna about the assault allegation and would take punitive action if another such incident ever occurred. The letter stated:

If any such continued altercation occurs that could lead to sanctions or punishments against either of them, or firing, it will be done. Mike, as employer, cannot guarantee that nothing will happen. He can only make his best reasonable efforts to prevent it and he will do it.

Sindt testified that after sending this letter to Barbara's attorney and after talking to Edna, he thought any problem the two employees had was "all over and done with." Until a second incident occurred on March 29, he had no reason to believe "there was still anything going on."

On March 29, 1994, a second minor physical altercation occurred between Barbara and Edna. Sindt required both employees to leave the business premises temporarily, and he told them to return later if they could work together. Edna returned first and Sindt had her complete a written statement about her version of the events. Barbara then returned and asked Sindt what he was going to do. He asked Barbara to prepare a written statement about what had occurred. She did not do so and gave him her written resignation which indicated she was concerned about her personal safety and the apparent inability of Sindt to correct the situation.

Barbara applied for unemployment benefits but her application was denied by a representative of Job Service of Iowa.[1] On appeal, the administrative law judge found Barbara had voluntarily terminated her employment without good cause attributable to the employer. The employment appeal board and the district court affirmed the decision.

**I. Scope of Review.** Our review of Job Service cases is governed by the ad-

ministrative procedures set forth in chapter 17A of the Iowa Code. *Cobb v. Employment Appeal Bd.,* 506 N.W.2d 445, 447 (Iowa 1993). In reviewing a district court decision on the validity of agency action, we ask only whether the district court correctly applied the law. *Id.* The district court is itself acting in an appellate capacity to correct errors of law on the part of the agency. *Id.* On appeal from the district court's judicial review, we apply the standards of Iowa Code section 17A.19(8) (1995) to the agency action to determine whether our conclusions are the same as those of the district court. *Id.*

We accord an agency only limited deference on matters of law, but an agency's findings of fact are binding on this court if supported by substantial evidence in the record when the record is viewed as a whole. *Id.* Evidence is substantial if a reasonable mind would accept it as adequate to reach the same findings. *Id.*

**II. Review of Agency's Decision.** Barbara contends the agency's decision was unreasonable, arbitrary, capricious, not supported by substantial evidence, and was the result of the improper application of the law. She specifically argues she provided her employer with an opportunity to correct the alleged unsafe working conditions, and when he failed to do so, she quit with good cause attributable to her employer.

An employee who quits her employment without good cause attributable to her employer is disqualified from receiving unemployment benefits. Iowa Code § 96.5(1) (1995). In *Cobb,* it was held that as a condition of entitlement to unemployment benefits, an employee must inform his or her employer of intolerable or detrimental working conditions and allow the employer to have an opportunity to correct the conditions before the employee may quit and collect benefits. *Cobb,* 506 N.W.2d at 448. In this case, Barbara's attorney informed her employer in a March 21 letter that Barbara had allegedly been assaulted by a co-worker. The letter informed the employer he had a duty to provide a safe workplace for his employees and indicated the letter was to serve as

---

1. Now known as Workforce Development De-      partment.

notice to the employer to correct the unsafe conditions and protect Barbara from future assaults. Nothing in the letter indicates Barbara was contemplating quitting her employment.

Despite her employer's request for a written statement about the second alleged altercation, Barbara would not provide it. Instead, she gave him her letter of resignation. The letter indicates she quit due to her belief Sindt could not provide her with a safe workplace.

■ Not only must an employee give notice to an employer about allegedly unsafe working conditions, he or she must notify the employer of his or her intention to quit if the conditions are not alleviated. The supreme court stated in *Suluki v. Employment Appeal Bd.*, 503 N.W.2d 402, 405 (Iowa 1993):

> We hold that, before quitting, an employee must give an employer notice of work-related health problems and that the employee intends to quit unless those problems are corrected or the employee is otherwise reasonably accommodated. Absent such notice, the employee has left work voluntarily without good cause attributable to the employer and is not entitled to unemployment benefits.

Barbara's letter of March 21 did not inform her employer of an intention to quit. When her employer sought information from her about the alleged altercation on March 29, she refused to provide a written statement. Under these circumstances, there was substantial evidence to support the finding she had not adequately complied with the requirements of *Cobb* and *Suluki* and her termination was a voluntary quit without good cause attributable to her employer. The agency's decision was not unreasonable, arbitrary, capricious, or the result of an improper application of law.

■ *III. Procedure.* Barbara argues an improper procedure was followed in denying her unemployment benefits. Specifically, she contends her employer, in protesting her claim for unemployment benefits, raised only

the issue of misconduct and not the issue of whether she had voluntarily quit her employment without good cause.[2] Barbara argues she was denied due process when the denial of benefits was predicated on the basis of a voluntary quit.

■ The eligibility for unemployment benefits is to be determined on the basis of facts found by the representative. Iowa Code § 96.6(2) (1995); *Kehde v. Iowa Dept. of Job Service*, 318 N.W.2d 202, 206 (Iowa 1982). It has previously been held the agency may initiate an issue that would disqualify a claimant from benefits as long as due process and notice are provided to the claimant. *See Flesher v. Iowa Dept. of Job Service*, 372 N.W.2d 230, 233 (Iowa 1985).

The May 3, 1994, notice of appeal and hearing clearly informed Barbara the issue on appeal would be whether she voluntarily left her employment for good cause attributable to the employer. Both sides had notice and presented evidence on this issue at the evidentiary hearing before the administrative law judge. In denying benefits, the agency was not bound to the employer's allegation of misconduct as Barbara had adequate notice and opportunity to defend the issue of a voluntary quit. Barbara's allegation of procedural error is without merit.

Costs on appeal are not to be assessed against Barbara Swanson.

**AFFIRMED.**

---

**2.** In completing the Job Service form, the employer marked only the box for discharge for misconduct and did not check the box indicating the termination had resulted from a voluntary quit.